

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 4, 2008

**BY HAND AND ECF**
Honorable John G. Koeltl
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:    United States v. Fairol Gomez
            07 Cr. 432
            **Sentencing Submission**

Dear Judge Koeltl:

       The Government writes in advance of the sentencing of Fairol Gomez (the "defendant") and in response to the defendant's sentencing submission dated April 1, 2008.

       On November 16, 2007 the defendant pled guilty to a conspiracy to distribute more than 50 grams of crack and two substantive counts relating to the distribution of crack on particular dates. While each of these counts ordinarily carries a 120 month mandatory minimum pursuant to 20 U.S.C. § 841(b)(1)(A), the parties agreed that the defendant was eligible for safety valve relief pursuant to 18 U.S.C. § 3553(f) and that no mandatory minimum applied.

       The parties stipulated to particular Guidelines calculations in connection with Gomez's plea agreement, which the Probation Department has adopted in its Presentence Investigation Report ("PSR"). (PSR ¶¶ 6, 22-31). Based on these calculations, the defendant's Guideline range is 57 to 71 months, with no mandatory minimum. The parties agreed that a sentence within that range would be reasonable, and that they would not appeal a sentence within that range, but that the parties could seek, if they wished, a sentence above or below that range based on the 18 U.S.C. § 3553(a) factors.

      The Government agrees with many of the mitigating factors set forth in the PSR and by defense counsel.  Although Gomez was a critical participant in the two 58 gram crack transactions charged in the indictment inasmuch as he introduced a cooperating witness (the "CW") and undercover agent (the "UC") to the supplier, Gomez's role in the transactions was that of a broker.  Gomez relayed in connection with a safety valve proffer that these were the only narcotics transactions which Gomez had assisted Rodriguez in (and, in fact, the only narcotics transactions Gomez was ever involved in), and the Government has no evidence to the contrary.  Gomez received minimal payment for his participation in the offenses.

      Additionally, Gomez has a very minor criminal record (one burglary arrest, which has been handled through a diversionary disposition), a relatively stable work history, and strong family ties.

      At the same time, the offense of conviction is serious and Gomez's willingness to broker both crack and illegal gun transactions (PSR ¶ 15) is a concern.  By virtue of the Gomez's eligibility for safety valve relief and his lack of criminal history, the bottom of his Guidelines range is less than half of the otherwise applicable mandatory minimum, and a sentence within this range would not be inappropriate.  The Court does of course have broad discretion in fashioning a sentence the Court deems appropriate under 18 U.S.C. § 3553(a)

      Respectfully submitted,

      MICHAEL J. GARCIA
      United States Attorney

By:   s/ Arlo Devlin-Brown
      Arlo Devlin-Brown
      Assistant U.S. Attorney
      (212) 637-2506

cc:   Jorge Guttlein, Esq.
      (via ECF and facsimile, 212-385-0231)